UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Armand Enrico Booker,     #31638-074,<br><br>                              Plaintiff,<br><br>vs.<br><br>Kenny Atkinson, *Warden*;<br>Officer Lindley, *sued in their individual and official capacities*,<br><br>                              Defendants. | C/A No. 3:11-1651-RBH-JRM<br><br><br><br><br>**Report and Recommendation** |

## *Background of this Case*

Plaintiff is a federal inmate at FCI-Edgefield. Plaintiff has brought suit against an Officer and the Warden of FCI-Edgefield. The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of a one-time denial of access to toilets. During visitation hours, Officer Lindley refused to allow Plaintiff to use an inmate restroom in the Visitation Section of FCI-Edgefield. As a result, Plaintiff defecated on himself. Plaintiff alleges that Officer Lindley stated that the reason he would not allow Plaintiff to use the inmate restroom was that he (the officer) "did not want to smell [Plaintiff's] crap when [he went] back there." Plaintiff fully exhausted his BOP remedies on April 7, 2011 (ECF No. 1-1, at page 23). Plaintiff alleges "direct indifference" and "deliberate indifference" on the part of Officer Lindley. In his prayer for relief,

Plaintiff seeks actual damages, punitive damages, and a finding that Defendants were negligent, were deliberately indifferent, and are not entitled to immunity.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his/her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even when considered under this less stringent standard, however, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

Plaintiff alleges "direct indifference" and "deliberate indifference." Deliberate indifference is established when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. The deliberate indifference standard is satisfied if a plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842.

Officer Lindley did not allow Plaintiff to go to the Inmate Restroom in the Visitation Section at the exact moment he (Plaintiff) requested to go. Officer Lindley's spur-of-the-moment decision is insufficient to state a claim under the Eighth Amendment. In *Johnson v. McByrde*, No. 2:10-CV-131, 2010 WL 3059248 (W.D. Mich. Aug. 4, 2010), the court rejected a prisoner's Eighth Amendment claim alleging that because he was denied access to a toilet for eight minutes after his initial request, he urinated on himself. *Id.* at *1. The court concluded that although the prison officials did not take the prisoner to the toilet during the middle of an institutional count at the precise moment the prisoner determined that he needed to urinate, the prisoner had not stated a claim under the Eighth Amendment. *Id.* at *2. *See also Dominguez-Mendez v. McCoy*, Civil Action No. 5:10-347-KKC, 2011 WL 1430325, *3 (E.D. Ky. April 13, 2011) ("While being denied access to a bathroom on August 9, 2010, was certainly unpleasant for Dominguez–Mendez, it was a temporary hardship that did not implicate the Eighth Amendment. Accordingly, Dominguez–Mendez fails to state a valid Eighth Amendment claim against McCoy, and his related claim that Bowles and Capillo refused to investigate his complaints also lack merit and will be dismissed for failure to state a claim upon which relief can be granted."). The district court in *Dominguez-Mendez v. McCoy* also cited

other cases holding that a one-time denial of toilet access does not violate the Eighth Amendment. *See, e.g., Hernandez v. Battaglia*, 673 F. Supp. 2d 673, 676–78 (N.D. Ill. 2009) (deprivations were not sufficiently serious where prisoners were detained in a prison yard while handcuffed without access to water, food, or toilets in 80 to 85 degree temperatures for up to five hours during a "shakedown" search of living quarters at the Stateville Correctional Facility); *see also Gunn v. Tilton*, No. CV 08-1039-PHX-SRB, 2011 WL 1121949, *4 (E.D. Cal. March 23, 2011) (holding that outside detention for approximately six hours without water and three to four hours without restrooms were not sufficiently serious to support an Eighth Amendment claim based on deliberate indifference); *Kanvick v. Nevada*, 2010 WL 2162324, *5 (D. Nev. April 27, 2010) ("The court does not doubt that proper disposal of one's bodily waste constitutes a basic human need. However, here, the nature, circumstances, and duration of the deprivation does not amount to anything more than an inconvenience").

Courts of Appeals outside this Circuit have reached similar conclusions. *See, e.g., Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999); *Dellis v. Corrections Corp. of America*, 257 F.3d 508 (6th Cir. 2001). Both *Hartsfield* and *Dellis* concerned temporary denial of access to toilets. *Accord Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) ("First, the momentary deprivation of the [involuntarily - committed psychiatric patient] right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation."); *Cunningham v. Eyman*, No. 00-2648, 17 Fed.Appx. 449, 454, (7th Cir. Aug. 17, 2001) ("Cunningham spent 16 hours in shackles and four to five hours in soiled clothing. Though certainly

unpleasant, these hardships were temporary and as this court's case law makes clear, they were not of sufficient severity to implicate the Eighth Amendment. ").[2]

Warden Atkinson cannot be held responsible for Officer Lindley's actions because the doctrine of *respondeat superior* or vicarious liability is not applicable in § 1983 or *Bivens* actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."), *citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Moreover, Plaintiff has not alleged any policy of Warden Atkinson or the Bureau of Prisons was at issue during the incident in this case, liability may not be imposed on Warden Atkinson or the Federal Bureau of Prisons. *See Los Angeles County v. Humphries*, 131 S.Ct. 447 (2010); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978).

Defendants cannot be held liable on the basis of negligence. Negligence is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

---

[2]When an inmate's exposure to human waste or lack of access to toilets exceeds several days, a cause of action might arise. *See*, *e.g.*, *Ghana v. Holland*, 226 F.3d 175, 184 (3rd Cir. 2000) (reversing summary judgment for defendants where inmate was moved to "dry cell" without working toilet for 96 hours and forced to urinate and defecate in his cell); *McBride v. Deer*, 240 F.3d 1287, 1291–92 (10th Cir. 2001) (vacating Rule 12(b)(6) dismissal where prisoner alleged he was forced to live in "feces-covered cell" for three days). *But see Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (affirming summary judgment for defendants where prisoner was subjected to an overflowing toilet in his cell for four days)

The above-captioned case is not maintainable under the Federal Tort Claims Act (FTCA). A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Rice v. National Security Council*, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), *affirmed*, No. 01-7273, 46 Fed.Appx. 212, 2002 WL 31109506 (4th Cir. Sept. 24, 2002).[3] Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

There is no indication that Plaintiff has filed an administrative claim with the United States Department of Justice pursuant to the FTCA. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986).[4] Since the Complaint does not show that Plaintiff has submitted a Standard Form 95 to the appropriate federal agency or to the United States Department of Justice, this case should be dismissed for failure to exhaust federal administrative remedies.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*;

---

[3] The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

[4] When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).

*Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  Plaintiff's attention is directed to the Notice on the next page.

August 30, 2011                          Joseph R. McCrorey
Columbia, South Carolina            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).