IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Armand Enrico Booker, #31638-074,<br><br>    Plaintiff,<br><br>v.<br><br>Kenny Atkinson, Warden; Officer<br>Lindley, sued in their individual and<br>official capacities,<br><br>    Defendants. | Civil Action No.: 3:11-1651-RBH<br><br><br>**ORDER** |

This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1]  The Magistrate Judge recommends dismissing Plaintiff's complaint *without prejudice* and without service of process.

**Factual Background and Procedural History**

Plaintiff, a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)[2] and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 to 2680 ("FTCA"). Compl., ECF No. 1.  He alleges that Defendant Lindley, an official of the Federal Bureau of Prisons ("BOP"), refused to allow Plaintiff to use the restroom during visitation by his family.  As a result, Plaintiff defecated on himself.  Plaintiff complains that Defendant Lindley stated that the reason he would not allow Plaintiff to use the restroom because he

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.  The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to 28 U.S.C. § 1915A(b).  The Court is mindful that a liberal construction of the pleadings is required in an action brought by a *pro se* litigant such as the Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff filed his complaint as an action pursuant to 42 U.S.C. § 1983.  However, because he is in federal custody and alleges constitutional violations by federal officials, the Court liberally construes his action as one pursuant to *Bivens*.

"did not want to smell [Plaintiff's] crap when [he went] back there." Plaintiff fully exhausted his BOP administrative remedies. Now, he raises claims of deliberate indifference in violation of the Eighth Amendment and negligence against Defendant Lindley and Defendant Atkinson, the warden. Plaintiff seeks actual damages and punitive damages.

The Magistrate Judge issued his R&R on August 31, 2011, R&R, ECF No. 12, and Plaintiff filed timely objections, Pl.'s Objs., ECF No. 14.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Magistrate Judge recommends dismissing Plaintiff's complaint for a variety of reasons. First, he concludes Plaintiff fails to state a claim for deliberate indifference against both Defendants. Second, he points out that Plaintiff's *Bivens* claim against Defendant Atkinson would be improper because the doctrine of *respondeat superior* or vicarious liability is not applicable in constitutional violations. Finally, the Magistrate Judge concludes that Plaintiff's negligence claims are not cognizable in a *Bivens* action and are also not properly pled under the FTCA, which requires a suit against the United States and the exhaustion of administrative remedies. R&R 4-8.

Plaintiff's objections are numerous. To summarize, he argues (1) that the Magistrate Judge applies an erroneous standard in concluding that he fails to state a sufficient claim, (2) that his FTCA claims are proper because his suit is against Defendants in their official capacities, (3) that Defendant Lindley's conduct rose to the level of deliberate indifference, (4) that Defendant Atkinson is liable because he failed to train his officers properly, (5) that the Magistrate Judge cited bad law in dismissing Defendant Atkinson, and finally (6) that even if the FTCA does not apply, the Court maintains diversity jurisdiction to hear his negligence claims against Defendants individually. Pl.'s Objs.

A liberal reading of Plaintiff's complaint, in light of his objections, reveals an attempt to raise both constitutional and negligence claims against Defendants in both their official and individual capacities. His constitutional claim is one for deliberate indifference and, pursuant to *Bivens*, may only be brought against Defendants in their individual capacities. 403 U.S. at 397. The Magistrate Judge cites several helpful cases from both federal circuit and district courts holding that conduct similar to the conduct alleged by Plaintiff does not rise to the level of a constitutional violation under the Eighth Amendment. R&R 4-6. Despite Plaintiff's objection, a prison official's

3

refusal to allow a prisoner use the bathroom on request during visitation is not cruel and unusual punishment—especially when there is no adequate factual allegation of recklessness.[3] *See Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994); *cf. Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279 (4th Cir. 2009) ("[L]eaving [the prisoner] sitting in his own waste, though offensive, does not amount to deliberate indifference to a serious medical need."). The deliberate indifference cases are clear that the conduct must be made with a sufficiently culpable state of mind that it will create a risk to the health or safety of the prisoner. *Id.* at 834. The deprivation, moreover, must be objectively, sufficiently serious. *Id.* The facts alleged here do not meet that Eighth Amendment standard. Therefore, the Court finds no error in the recommendation that Plaintiff's *Bivens* claim be dismissed.[4]

As for his negligence claim, the Magistrate Judge correctly reasoned that Plaintiff failed to state a claim under the FTCA.[5] There is no allegation in Plaintiff's complaint that he properly filed his tort claim administratively. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied in writing."); 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented to the Federal agency whose activities gave rise to the claim"); Federal Tort Claims Act, Program Statement 1320.06, Fed.

---

[3] An allegation that Defendant Lindley "didn't want to smell [his] crap when [he went] back there" does not meet the plausibility standard affirmed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[4] Of course, Plaintiff also objects to the Magistrate Judge's recommendation that Defendant Atkinson be dismissed regardless of the sufficiency of the deliberate indifference claim. Because the Court finds the facts are insufficient to support a deliberate indifference claim, the Court need not review that recommendation of the Magistrate Judge.

[5] Plaintiff's contention that the Court would regardless have diversity jurisdiction over potential state law claims is raised for the first time in his objection. In his complaint, Plaintiff makes no allegation of diversity jurisdiction or, for that matter, of facts to support the existence of complete diversity among the parties.

Bureau of Prisons (Aug. 1, 2003) (outlining the proper procedure for a federal prisoner to file a FTCA claim against BOP). The Court lacks jurisdiction to decide a tort claim unless it was presented properly to the appropriate federal agency. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Therefore, without addressing the additional defects in Plaintiff's complaint raised by the Magistrate Judge, the Court finds no error in the Magistrate Judge's recommendation to dismiss Plaintiff's complaint *without prejudice*.

## Conclusion

The Court has thoroughly analyzed the entire record, including the complaint, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

July 9, 2012
Florence, South Carolina